UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DANIEL KELLEY #l2563                                                    PLAINTIFF

VS.                                        CIVIL ACTION NO. 3:16-cv-576-CWR-FKB

WARDEN NORRIS HOGANS, ET AL                                         DEFENDANTS

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS BY NORRIS HOGANS**

COMES NOW Defendant Norris Hogans, by counsel and pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure, and files this Memorandum of Authorities in support of his Motion

to Dismiss, as follows:

**INTRODUCTION**

Plaintiff Daniel Kelley filed this *pro se* civil action on July 22, 2016, under 42 U.S.C. § 1983

claiming the violation of his constitutional rights during his incarceration at East Mississippi

Correctional Facility ("EMCF").  Plaintiff at all relevant times was a post-conviction inmate in the

custody of the Mississippi Department of Corrections and is proceeding *in forma pauperis*.

Defendant Norris Hogans at all relevant times was employed by Management & Training

Corporation and served as deputy warden at EMCF.

This lawsuit arises out of Plaintiff's claim that he as been improperly denied a job in the

EMCF kitchen.  Plaintiff claims he sent multiple inmate request forms to kitchen supervisor Carolyn

Jones between May 24, 2016 and June 8, 2016 seeking a kitchen job.  *See* Complaint [1], at 5.  When

he received no response, he filed a grievance on June 13, 2016 through the Administrative Remedy

Program, claiming he had been denied a job based on racial discrimination and based on retaliation

for his prior lawsuits.[1]  *Id*., at 5-6.  On June 16, 2016, he received a first step response from classification officer D. Smith instructing him to consult with Ms. Jones about a job in the kitchen. *Id*., at 6.  Plaintiff appealed to the second step of the ARP process and received a second step response from Warden Hogans on June 17, 2016, again instructing him to speak with Ms. Jones about his request.  *Id*.

Plaintiff claims he personally spoke with Ms. Jones in the kitchen on June 20, 2016, and that she requested he come back the next day with an inmate request form and application.  *Id*.  Plaintiff claims he returned to the kitchen the following day with the materials requested, and that Ms. Jones told him she would submit Plaintiff's name to medical staff to be cleared for work.  *Id*., at 6-7. Plaintiff claims that on June 27, 2016, he filed an administrative grievance requesting to be cleared by medical to work in the kitchen.  *Id*., at 7.  He received a first step response from Health Services Administrator Ollie Little on July 5, 2016, informing him he had been cleared by medical on June 21, 2016.  *Id*.  Plaintiff claims he presented Mr. Little's response to Ms. Jones the following day, and that Ms. Jones asked him to come back the next day.  *Id*.  Plaintiff claims he returned to the kitchen on July 7, 2016, to report to work.  *Id*.  He further claims that while he was waiting in the hallway outside the kitchen, he saw Warden Hogans go inside the kitchen to confer with Ms. Jones and then leave.  *Id*., at 7-8.  Plaintiff claims he then told Officer Matthews that Ms. Jones had asked him to come to the kitchen, and Officer Matthews went to confer with Ms. Jones.  *Id*.  Plaintiff claims Officer Matthews returned and told him to go back to his housing unit.  *Id*.  Plaintiff claims he

---

[1] Plaintiff has filed multiple prior lawsuits in federal court over the past two years regarding various issues related to his incarceration at EMCF, including: *Kelley v. Buscher, et al.*, 3:14-cv-82-LRA (dismissed on summary judgment); *Kelley v. Buscher, et al.*, 3:14-cv-512-DPJ-FKB (dismissed on summary judgment); *Kelley v. Hogan, et al.*, 3:15-cv-534-TSL-RHW (voluntarily dismissed); *Kelley v. Hogan, et al.*, 3:15-cv-877-HTW-LRA (voluntarily dismissed).

returned to the kitchen on July 8, 2016, but Ms. Jones told him to return the following week. *Id.*

Plaintiff instead filed suit, claiming he had been given the run-around and denied an opportunity to work in the kitchen in retaliation for his prior lawsuits against EMCF personnel and based on racial discrimination.[2] *Id.*

On October 7, 2016, Plaintiff filed a motion to amend to add Orlando Glass as a defendant. *See* Motion to Amend [9]. Plaintiff claims Mr. Glass replaced Ms. Jones as the kitchen supervisor on July 10, 2016, but that his efforts to obtain a kitchen job have continued to be unsuccessful despite multiple African-American inmates being hired during the same time period. *Id.* Plaintiff claims he spoke to Warden Hogans about his request, and that Warden Hogans told him he would contact Mr. Glass. *Id.*

As set forth below, Plaintiff has failed to state a constitutional claim against Warden Hogans on which relief can be granted, and Plaintiff's claims against him should be dismissed as a matter of law.

## LAW AND ARGUMENT

### A.      Rule 12(b)(6) Standard

A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005); 28 U.S.C. 1915(e)(2). To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[2] Plaintiff signed his Complaint on July 10, 2016. *See* Doc. [1], at 10.

reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  The Court cannot accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Rollins v. Cain*, 2011 U.S. App. LEXIS 8136, at 6 (5th Cir. 2011); *see also Iqbal*, 129 S. Ct. At 1950 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").  "The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff." *Rollins*, 2011 U.S. App. LEXIS 8136 at 6 (citing *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).  In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), "the court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central  to the claim and referenced by the complaint." *Id*., at 6-7.

### B.   Plaintiff has failed to state a constitutional claim against Warden Hogans upon which relief can be granted

There is no *respondeat superior* liability under Section 1983. *Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996).  Thus, Warden Hogans cannot be held liable under Section 1983 based solely on the actions of the EMCF kitchen supervisors, Ms. Jones and Mr. Glass.  To hold this Defendant liable, Plaintiff must establish this Defendant was "personally involved in the acts causing the deprivation of his constitutional rights or that a causal connection exists between an act of [this Defendant] ... and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981).

Plaintiff's claims against Warden Hogans appear to be based on the allegation that he failed to adequately investigate or respond to his administrative grievance and other complaints about the

EMCF kitchen supervisor ignoring his requests for a job in the kitchen.  However, any such claim is clearly based on a legally non-existent interest and is indisputably without merit.  *See Geiger v. Jowers*, 404 F.3d 371, 373-374 (5th Cir. 2005) (dismissing plaintiff's claim that prison officials failed to properly investigate his grievances regarding mail room and security staff as frivolous); *Dehghani v. Vogelgesang*, 226 Fed. App'x 404, 406 (5th Cir. 2007) (holding that plaintiff's allegation that warden failed to adequately investigate his grievance did not amount to constitutional violation); *Charles v. Nance*, 186 Fed. App'x 494, 495 (5th Cir. 2006) (holding plaintiff's allegation that prison officials failed to investigate her grievance regarding violation of visitation policy did not state constitutional claim).

Moreover, it is well established in the Fifth Circuit that "prisoners do not have any constitutional right to a particular job assignment or to any employment opportunity."  *Marks v. Edwards*, 2011 U.S. Dist. LEXIS 69462, *10 (W.D. La. Apr. 29, 2011) citing *Tighe v. Wall*, 100 F.3d 41, 42-43 (5th Cir. 1996); *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 49-51 (5th Cir. 1995).

Plaintiff also fails to state a constitutional claim against Warden Hogans for retaliation or racial discrimination, both of which he asserts as grounds for his denial of a kitchen job.  As an initial matter, Plaintiff fails to provide any facts that demonstrate Warden Hogans' personal involvement in any actions causing the deprivation of his constitutional rights or that a causal connection exists between a specific act of this Defendant and any alleged constitutional violation. The allegations set forth in Plaintiff's Complaint demonstrate that the EMCF kitchen supervisor – not Warden Hogans – makes the final determination as to whether Plaintiff is assigned a job in the kitchen.  There are no allegations that Warden Hogans was personally involved in the decision of whether to assign Plaintiff to a kitchen job.  Because Warden Hogans was not personally involved

in any decisions regarding Plaintiff's work assignment, he cannot be held liable under Section 1983.

Plaintiff's retaliation claim is based on his general allegation that the Defendants denied him a job in the EMCF kitchen due to his prior grievances, complaints, and lawsuits.  The Fifth Circuit has addressed the requirements for stating a valid claim for retaliation, as follows:

> A prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. The inmate must allege more than his personal belief that he is the victim of retaliation. Mere conclusory allegations of retaliation will not be enough to withstand a proper motion for dismissal of the claim. The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred. Further, if the inmate is unable to point to a specific constitutional right that has been violated, the claim will fail.

*Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999)(citations omitted).  Claims of retaliation by prison inmates are regarded with skepticism, lest the federal courts potentially embroil themselves in every adverse action that occurs within a penal institution.  *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

Although Plaintiff claims he was denied a kitchen job in retaliation for his prior grievances and lawsuits, he does not identify which grievances or lawsuits allegedly formed the basis of any such retaliatory motive.  Plaintiff also fails to set forth facts that would establish a "chronology of events" showing that Warden Hogans intended to retaliate against Plaintiff for filing any such grievances or lawsuits, that Warden Hogans in fact denied him a kitchen job, or that Plaintiff would have been given a kitchen job but for Warden Hogans retaliating against him.  Plaintiff's mere belief that Warden Hogans must have denied him a kitchen job in retaliation for filing prior grievances and lawsuits is insufficient to state a valid retaliation claim under Section 1983.  *See Greninger*, 188 F.3d

-6-

at 325.

Plaintiff likewise has failed to state a claim for racial discrimination against Warden Hogans. To state a claim for racial discrimination under the Equal Protection Clause of the Fourteenth Amendment, a plaintiff "must allege that a state actor intentionally discriminated against the plaintiff because of his membership in a protected class." *Johnson v. Morel*, 876 F.2d 477, 479 (5th Cir. 1989). A plaintiff must establish that the officer engaged in specific conduct that denied him equal protection of the laws. *Williams v. Bramer*, 180 F.3d 699, 701 (5th Cir.1999). Plaintiff may not base an equal protection claim solely on a personal belief that he has been a victim of discrimination. *Woods v. Edwards*, 51 F.3d 577 (5th Cir. 1995). Vague and conclusory allegations are insufficient to state an equal protection claim. *Pedraza v. Meyer*, 919 F.2d 317 (5th Cir. 1990).

Plaintiff, who is Caucasian, alleges that during the time period where he unsuccessfully sought to obtain a kitchen job, the kitchen supervisors continued to hire African-American inmates. However, Plaintiff's Complaint does not provide any facts whatsoever to establish that Warden Hogans was personally involved in deciding which inmates worked in the EMCF kitchen, much less that Warden Hogans personally treated Plaintiff different from other similarly-situated inmates on the basis of his race.

Plaintiff's claims against Warden Hogans are frivolous and fail to state a claim upon which relief should be granted, and they should be dismissed with prejudice as a matter of law.

## CONCLUSION

For all of the foregoing reasons, Plaintiff has failed to state a claim against Warden Hogans upon which relief can be granted, and his claims against this Defendant should be dismissed with prejudice as a matter of law. Plaintiff should also be issued a "**strike**" pursuant to the Prison

Litigation Reform Act, 28 U.S.C. § 1915(g), for filing claims against Warden Hogans which are

frivolous and/or fail to state a claim upon which relief can be granted.

      Respectfully submitted, this the 15th day of December, 2016.

                NORRIS HOGANS, DEFENDANT

            BY:    */s/ Steven J. Griffin*
                OF COUNSEL

ROY A. SMITH, JR. - BAR # 7599
rsmith@danielcoker.com
STEVEN J. GRIFFIN - BAR # 103218
sgriffin@danielcoker.com
DANIEL COKER HORTON AND BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE: (601) 969-7607
FACSIMILE: (601) 969-1116

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 15, 2016, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants:

Daniel Kelley #L2563
E.M.C.F.
10641 Hwy 80 West
Meridian, MS 39307

*/s/ Steven J. Griffin*